UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JEFFREY ZANGWILL,

                              Plaintiff,

-against-

CITY OF NEW YORK, JOHN COYLE, and JOHN
and JANE DOE 1 through 10, individually and in
their official capacities, (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                              Defendants.
----------------------------------------------------------X

**STIPULATION OF
SETTLEMENT AND ORDER
OF DISMISSAL**

11 CV 1110 (CBA) (CLP)

       **WHEREAS**, plaintiff commenced this action by filing a complaint on or about March 9, 2011, in the United District Court for the Eastern District of New York alleging that the defendants violated plaintiff's federal civil and state common law rights; and

       **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **WHEREAS**, plaintiff **JEFFREY ZANGWILL** has authorized his counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant **CITY OF NEW YORK** hereby agrees to pay plaintiff **JEFFREY ZANGWILL** the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of these sums, plaintiff **JEFFREY ZANGWILL** agrees to the dismissal of all claims against defendants City of New York and Police Officer John Coyle, and to release all defendants, any present or former employees or agents of the City of New York, or any agency thereof from any and all liability, claims, or rights of action from the beginning of the world to the day of the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and

settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations. Plaintiff further agrees that neither the filing of the Complaint in this action, nor the settlement of this action, shall be asserted by him or his counsel in any other litigation or proceeding as evidence of wrongful conduct on the part of the City of New York, or any present or former employees or agents of the City of New York.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York and all defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject

matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
      Nov. 7, 2011

|  |  |
|---|---|
| Brett Klein, Esq.<br>Levanthal & Klein, LLP<br>Attorneys for Plaintiff<br>45 Main Street, Suite 230<br>Brooklyn, New York 11201<br>(718) 722-4100<br><br>By: _____<br>Brett Klein, Esq.<br>Attorney for Plaintiff | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>  City of New York<br>Attorney for Defendants City of New York and<br>Police Officer John Coyle<br>100 Church Street<br>New York, New York 10007<br>(212) 341-9848<br><br>By: _____<br>Diep Nguyen<br>Assistant Corporation Counsel |

SO ORDERED:

    s/CBA

_____
HONORABLE CAROL B. AMON
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
    November 8, 2011

4